**UNTIED STATES of America,**
Appellee,

v.

**Hurgenes PIGNARD, Defendant–Appellant.**

No. 07–4890–cr.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2008.

William A. Gerard, Palisades, NY, for appellant.

John P. Collins, Jr. (Michael J. Garcia, United States Attorney, Guy Petrillo, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for appellee.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, JOHN GLEESON,* District Judge.

## SUMMARY ORDER

Defendant-appellant, Hurgenes Pignard, appeals from an October 11, 2007 judgment of conviction of the District Court, sentencing defendant principally to a term of 175 months' imprisonment. After a nine day trial, a jury found defendant guilty of conspiracy to commit bank robbery and armed bank robbery as well as attempted bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a). On appeal, defendant argues that (1) the evidence presented at trial was insufficient to support his convictions, (2) several of opposing counsel's comments during the trial amounted to prosecutorial misconduct, and (3) his sentence was substantively unreasonable. We assume the parties' familiarity with the facts and procedural history of the case.

* The Honorable John Gleeson, of the United States District Court for the Eastern District

(1)

In seeking to overturn a conviction on the grounds that evidence was insufficient, a defendant bears the "heavy burden," *United States v. Cruz*, 363 F.3d 187, 197 (2d Cir.2004), of demonstrating that, "view[ing] the evidence presented in the light most favorable to the government, ... no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt," *United States v. Desinor*, 525 F.3d 193, 203 (2d Cir.2008) (internal quotation marks omitted). In this case, defendant advances two theories of insufficiency, each of which relies on the fatally flawed premise that the jury disregarded the testimony of defendant's accomplices and instead convicted him solely based on defendant's uncorroborated admissions to law enforcement. In order to accept defendant's premise, we would have to find that the Government's witnesses were simply not credible. However, we may not speculate as to the jury's determinations on that score. *See United States v. Riggi*, 541 F.3d 94, 108 (2d Cir.2008) ("All issues of credibility, including the credibility of a cooperating witness, must be resolved in favor of the jury's verdict.").

(2)

Defendant's prosecutorial misconduct claim stems from his contention that, during closing argument and rebuttal, the Government (1) improperly bolstered the credibility of witnesses by vouching for them, (2) erroneously instructed the jury that defendant's prior statement to police was, by itself, sufficient evidence to establish his involvement in the charged conspiracy, and (3) asked the jury to draw an inference of guilt from defendant's decision not to testify at trial. Where, as here, a

of New York, sitting by designation.

defendant contends that a prosecutor's statements during closing argument warrant reversal, he must meet the "heavy burden" of demonstrating that "the misconduct alleged [was] so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Feliciano,* 223 F.3d 102, 123 (2d Cir.2000) (internal quotation marks omitted).

Because defendant objected only to the Government's allegedly improper comments regarding the credibility of its witnesses, we may review his other proffered allegations for misconduct only for plain error—that is, defendant must demonstrate "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and brackets omitted); *see also* FED.R.CRIM.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). If defendant can make these required showings, we may correct an error that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544 (internal quotation marks omitted) (alteration in original)

We have previously explained that "the Government has broad latitude in the inferences it may reasonably suggest to the jury during summation." *United States v. Cohen,* 427 F.3d 164, 170 (2d Cir.2005) (internal quotation marks omitted). Particularly in light of this permissive standard, the statements to which defendant now objects were by no means improper. With respect to vouching, defendant has pointed to no instance, and we have found none, in which a prosecutor "interjected his beliefs" or "made an issue of his own credibility." *See United States v. Rivera,* 971 F.2d 876, 884 (2d Cir.1992) (rejecting a

defendant's claim of improper vouching). Rather, it appears that the Government simply engaged in permissible "vigorous advocacy" by challenging defendant's theory of the case. *Id.* Second, the Government's allegedly improper instruction to the jury in fact amounted to a correct statement of the law insofar as it suggested that defendant's statement to the police could be accepted as an admission to aiding and abetting a robbery and a conspiracy. *See United States v. Howell,* 447 F.2d 1114 (2d Cir.1971). Finally, the Government did not ask the jury to infer guilt from defendant's failure to testify. Rather, in response to opposing counsel's contention in summation that defendant refused to cooperate with the Government because he was actually innocent, the Government observed that defendant had not offered any evidence, including his own testimony, to support his counsel's statement. We therefore decline to find trial misconduct on the part of the Government's counsel.

### (3)

The District Court did not err in sentencing defendant. Reviewing defendant's sentence, as we must, "under a deferential abuse-of-discretion standard," *United States v. Cavera,* 550 F.3d 180, 189–90 (2d Cir.2008) (en banc) (internal quotation marks omitted), we find neither procedural nor substantive deficiencies, *see id.* ("[A]ppellate scrutiny [of sentences] encompasses two components: procedural review and substantive review."). Defendant points to no procedural error on the part of the District Court. Indeed, the Court, after properly calculating defendant's Guidelines range, granted a five-level downward departure. After applying each of the factors listed in 18 U.S.C. § 3553(a), the Court offered a careful explanation of the sentence it imposed. In our view, the sentence imposed was clearly

"within the range of permissible decisions" available to the District Court in this case. *See id.*; *see also id.*, at 193–94 ("[O]nce we are sure that the sentence resulted from [a district court's] reasoned exercise of discretion, we must defer heavily to the expertise of district judges.").

### Conclusion

For the reasons stated above, the judgment of the District Court is AFFIRMED.